**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, | Case No.: |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMANDED** |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ▮▮▮▮▮▮▮▮ |
| Defendants. | |

## COMPLAINT

Plaintiff Roadget Business Pte. Ltd. ("Roadget"), for its complaint and prayer for injunctive relief against the parties identified on **Schedule A** attached hereto ("Defendants"), states as follows:

## INTRODUCTION

1.      Plaintiff Roadget owns the enormously popular SHEIN online fashion and lifestyle retailer. (*See* http://us.shein.com/.)  SHEIN's affordable clothes and original designs have taken the Internet by storm—and inspired many copycats on e-commerce platforms. Defendants are online sellers operating under one or more seller aliases that are advertising, offering for sale, and selling clothing using SHEIN's original, copyrighted works. These sellers appear to operate in anonymity. They may be using more than one alias at a time to conceal their identities and the full scope of their operation.

1

2.      Roadget is forced to file this action to combat Defendants' infringement of its copyrighted works and to protect unknowing consumers from purchasing unauthorized products over the Internet. Roadget has been irreparably damaged by Defendants' infringement and seeks injunctive and monetary relief.

## THE PARTIES

3.      Plaintiff Roadget Business Pte. Ltd. is a private limited company with its principal place of business in Singapore. Roadget owns the famous SHEIN trademark and online fashion and lifestyle retailer.

4.      Defendants are business entities who, upon information and belief, reside mainly in foreign jurisdictions. Defendants operate e-commerce stores under the seller aliases identified on Schedule A and/or other aliases. Defendants conduct business in the United States and, on information and belief, have sold and continue to sell products to United States consumers, including in Illinois and this judicial district.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

6.      This Court has personal jurisdiction over Defendants because, on information and belief, Defendants target business activities toward consumers in the United States, including Illinois. Defendants sell to Illinois residents and other United States consumers by setting up and operating e-commerce stores through online platforms. Defendants offer shipping to the United States, including Illinois, and accept payments in U.S. dollars from U.S. bank accounts. On information and belief, Defendants have sold and continue to sell apparel with unauthorized

copies of Roadget's copyrighted works to residents of Illinois. Defendants have wrongfully injured Roadget in the state of Illinois.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). In this copyright action, venue is proper in any district in which Defendants reside or may be found, which includes any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. § 1391(b)(3). On information and belief, Defendants are not residents in the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## BACKGROUND

**Plaintiff's Copyrighted Works**

8.      Roadget is a private limited company registered in Singapore. Its SHEIN trademarks are used to sell a wide variety of products worldwide. In the United States, Roadget's affiliate and licensee, Shein Distribution Corporation ("SDC"), sells apparel, beauty products, home goods, pet supplies, and a variety of other products through Roadget's mobile application and its website, https://us.shein.com.

9.      The SHEIN brand has skyrocketed in popularity over the last several years, becoming one of the most visited fashion sites in the world and talked-about brands on TikTok and other social media.

10.      SHEIN was an early adopter of social media marketing. The SHEIN app became the most downloaded shopping app on Apple's App Store in 2021. The following year, it attained the top spot as the most downloaded application in *any category*, outperforming both TikTok and Instagram. In addition to its total of over 60 million followers on social media, it

became the most talked-about brand on TikTok in 2022. Social media influencers' "SHEIN haul" videos displaying their purchases regularly go viral.

11.     Through the SHEIN brand, Roadget has invested significant resources in building goodwill and brand recognition on social media. It has made a name among regular shoppers. And it has registered various copyrights to protect its original designs and photographs.

12.     Roadget is the registered owner of the sixteen copyrighted photographs at issue here (the Roadget Copyrights). The registration certificates are attached as Exhibits 1 through 16. As reflected on those certificates, Roadget is the copyright owner, and the copyrights are valid and enforceable. Information about the Roadget Copyrights is provided in the following table.

| Registration No. | Effective Date | Title of Work | Design/Photo |
|---|---|---|---|
| | | | |

| Registration No. | Effective Date | Title of Work | Design/Photo |
|---|---|---|---|

| Registration No. | Effective Date | Title of Work | Design/Photo |
|---|---|---|---|



| Registration No. | Effective Date | Title of Work | Design/Photo |
|---|---|---|---|
| | | | |

13.     Each of the Roadget Copyrights is included in product listings on the SHEIN website and/or app. An exemplary SHEIN product listing for each design or photograph is provided in the following table.

| Registration No. | Title of Work | SHEIN Product Listing URL |
|---|---|---|
| | | |

| Registration No. | Title of Work | SHEIN Product Listing URL |
|---|---|---|



**Defendants' Unlawful Conduct**

14.     Defendants are online sellers on e-commerce platforms, including Temu. Defendants have deliberately and unlawfully copied, displayed, and sold various apparel using images virtually identical to the Roadget Copyrights. The success of the SHEIN brand inspires many copycats. Roadget regularly finds sellers on e-commerce platforms selling goods bearing or using infringing copies of the Roadget Copyrights. Defendants are among such sellers.

15. Defendants knowingly and willfully manufacture, offer for sale, and/or sell apparel using the Roadget Copyrights in the United States without authorization. Defendants' conduct infringes Roadget's copyright and irreparably harms Roadget.

## COUNT I
### Copyright Infringement (17 U.S.C. §§ 106 and 501) Against Schedule A Defendants

16. Roadget incorporates each of the preceding paragraphs as if fully set forth herein.

17. The Roadget Copyrights are original works and are copyrightable subject matter under 17 U.S.C. § 101 *et seq*.

18. Roadget's copyright registrations for the Roadget Copyrights are valid and in full force and effect. At all relevant times, Roadget has owned and still owns all exclusive rights in the Roadget Copyrights, including the right to reproduce, to prepare derivative works, and to distribute copies.

19. Roadget has never assigned or licensed the rights to the Roadget Copyrights to any party unaffiliated with Roadget itself. In particular, Roadget has never granted any license or rights in the Roadget Copyrights to Defendants.

20. Defendants have deliberately and unlawfully copied, manufactured, displayed, reproduced, created derivative works of, adapted, marketed, sold, and/or distributed the Roadget Copyrights in violation of Roadget's copyrights.

21. Defendants had access to the Roadget Copyrights via the Internet. The designs appear in connection with SHEIN-branded clothing that SDC (a Roadget-affiliated company) sells online, and the photographs are used to sell SHEIN products.

22. Defendants' copied photographs are, in the vast majority of cases, virtually identical to the Roadget Copyrights. Where they are not virtually identical, they are strikingly

similar—identical except for a minor alteration or two. Roadget's original photographs are reproduced below alongside examples of copies found in Defendants' web stores.

| Original Design | Copied Design |
|---|---|

| Original Design | Copied Design |
|---|---|



| Original Design | Copied Design |
|---|---|



23.     Defendants' actions constitute willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501(a).

24.     Defendants reap the benefit of their unauthorized copying in the form of revenue and other profits from the sale of clothing using the copied designs and photographs.

25.     Pursuant to 17 U.S.C. § 504, Roadget is entitled to actual damages and any additional profits attributable to Defendants' acts in an amount to be determined at trial, as well as statutory damages, enhanced for Defendants' willful infringement.

26.     Defendants have caused, and if not enjoined will continue to cause, Roadget irreparable injury for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

Roadget prays for the following relief:

1.     Judgment in favor of Roadget.

2.     Preliminary and permanent injunctive relief restraining Defendants and Defendants' officers, agent, servants, employees, attorneys, and all persons in active concert and/or participation with any of them from:

a.     reproducing, distributing copies of, making derivative works of, or publicly displaying the Roadget Copyrights in any manner without Roadget's express authorization;

b.     manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Roadget which bear the Roadget Copyrights.

3.     Entry of an Order that, upon Roadget's request, those with notice of the injunction, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear the Roadget Copyrights.

4.     Compensatory and exemplary damages, as well as disgorgement of Defendants' profits.

5.     Alternatively, Roadget prays for the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

6.      Pre-and post-judgment interest and attorney's fees and costs.

7.     All other and further relief as is just, equitable, and proper.


February 9, 2024                                        Respectfully submitted,


                                                       By:  */s/ Steven J. Horowitz*
                                                         Steven J. Horowitz
                                                         Matthew D. Binder
                                                         Deepa A. Chari
                                                         **SIDLEY AUSTIN LLP**
                                                         One South Dearborn Street
                                                         Chicago, IL 60603
                                                         (312) 853-7000
                                                         shorowitz@sidley.com
                                                         mbinder@sidley.com
                                                         dchari@sidley.com

                                                         *Counsel for Plaintiff*
                                                         *Roadget Business Pte. Ltd*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, | Case No.: |
| Plaintiff, | |
| vs. | ████████████ |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | |
| Defendants | |

**SEALED SCHEDULE A TO SEALED COMPLAINT**

1

| No. | Defendant Seller | Store ID | Defendant Online Marketplace | Design Infringed | Product Link(s) |
|---|---|---|---|---|---|
| | | | | | |

| No. | Defendant Seller | Store ID | Defendant Online Marketplace | Design Infringed | Product Link(s) |
|-----|------------------|----------|------------------------------|------------------|-----------------|
|     |                  |          |                              |                  |                 |

| No. | Defendant Seller | Store ID | Defendant Online Marketplace | Design Infringed | Product Link(s) |
|-----|------------------|----------|------------------------------|------------------|-----------------|
|     |                  |          |                              |                  |                 |

| No. | Defendant Seller | Store ID | Defendant Online Marketplace | Design Infringed | Product Link(s) |
|-----|-----------------|----------|------------------------------|------------------|-----------------|
|     |                 |          |                              |                  |                 |