IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>vs.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Case No.: 1:24-cv-01174<br><br>Judge: Hon. Jeffrey I. Cummings |

**PLAINTIFF ROADGET'S RESPONSE TO DUNLAP, BENNETT & LUDWIG PLLC'S MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**

Plaintiff Roadget Business Pte. Ltd. ("Roadget") filed this suit to enforce and protect its copyrights against Defendants, who are foreign online sellers unlawfully selling clothing using unauthorized copies of Roadget's copyrighted designs and photographs. Roadget filed its Motion for a Temporary Restraining Order on February 9, 2024, Dkt. 9, asking the Court to grant temporary injunctive relief to stop the infringement and prevent the Defendants from dissipating assets they amassed through their infringement. After this Motion was filed, a law firm, Dunlap, Bennet & Ludwig (the "Firm"), moved for leave to file an *amicus curiae* brief on the basis that they may come to represent some of the anonymous defendants in this case. Dkt. 17 at 2. The Firm's submission is unhelpful—focused largely on misguided arguments directed at other cases pending before other judges—and provides no basis to doubt the propriety of the proposed TRO, which is based on a standard form order in this district for dealing with the kind of blatant infringement by foreign sellers that has occurred here. Roadget submits that the Court should

1

discourage the Firm's tactics by denying leave to file a brief, which unnecessarily compounds this litigation. The TRO should be granted.

The Firm's brief is not helpful to the Court. *Amicus* briefs are typically permitted when the moving party can provide a unique perspective or information beyond what the parties can provide. *Jones Day v. Blockshopper LLC*, No. 08 CV 4572, 2008 WL 4925644 (N.D. Ill. Nov. 13, 2008). Here, the Firm is focused primarily on arguments it has advanced in other cases and may one day advance in this one on behalf of Defendants—although the Firm cannot know who its apparent future clients are, as the seller names on Schedule A are currently sealed. *See* Dkt. 17 at 2 (asserting that the Firm will "likely come to represent Temu merchants" in this case). This dynamic raises questions about the interests motivating the Firm's submission that the Firm does not answer. *Cf.* Fed. R. App. P. 29(a)(4)(E)(iii) (requiring, for amicus briefs on appeal, disclosure of any person who "contributed money that was intended to fund preparing or submitting the brief"). The Firm has no apparent interest in this matter separate from that of its clients.

What the Firm *does* do is rehearse a one-sided account of what has happened in other cases, one of which this Court is already presiding over. There is indeed overlap across the four other cases the Firm mentions and this one, and for good reason: in each case, Roadget has shown that anonymous foreign entities are infringing Roadget's copyrights, and in each case, Roadget seeks similar relief against those infringers. Based on a similar record in each prior case, this Court, along with Judges Ellis, Bucklo and Jenkins each concluded that Roadget was likely to prevail on its claims for copyright infringement, and a TRO was necessary to protect Roadget against irreparable harm.[1] Judge Jenkins did so over similar objections from the Firm.

---

[1] Sealed Temporary Restraining Order, *Roadget Business PTE. LTD. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 23-cv-16262 (N.D. Ill. Dec. 5, 2023); Sealed Temporary Restraining Order, *Roadget Business PTE. LTD. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 23-cv-17036 (N.D. Ill. Jan.. 19, 2024); Sealed

2

Additionally, Judge Bucklo denied the defendants' motion to dissolve the TRO in the case before her court, holding, *again,* that the TRO in that case is appropriate. *See* Order at 4-6, *Roadget Business PTE. LTD. v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24-cv-00115 (N.D. Ill. Mar. 6, 2024), Dkt. 58. To be sure, the Firm believes the TROs in those cases should not have been issued. But the Firm's perspective on other cases is not helpful to the court in deciding this case. It tells the Court nothing about the likelihood of Roadget succeeding on the merits *in this case*, nothing about the harm that Roadget is suffering from the infringement *in this case*, and nothing about the risk that defendants will abscond with their funds *in this case.*

I.  **Email Service of Process is Proper in this case because Roadget conducted a reasonable search and was unable to find reliable identifying information for the Defendants.**

The Firm argues that email service of process is not appropriate, but this is not the case, and even if it were, has no bearing on whether a TRO should be issued. The Firm claims that the Defendants are "not anonymous," but their real names did not appear anywhere on their online storefronts at the time of filing this complaint. Defendants' own motion confirms that fact. *See* Mot. for Leave to File Amicus Br., Dkt. 17 at 5 (showing screenshots of a "Store Information" page for "KAMUCC" with real entity names absent). At the time this case was filed, none of these Defendants listed their entity name on their Temu seller page. According to the instructions on the website of the Hague Conference, service of process on an entity requires not only the mailing address but the *identity* of the addressee.[2] Roadget cannot request that the China Central

---

Temporary Restraining Order, *Roadget Business PTE. LTD. v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24-cv-00115 (N.D. Ill. Jan. 17, 2024); *See* Memorandum Opinion and Order, *Roadget Business PTE. LTD. v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24-cv-00607 (N.D. Ill. Mar. 1, 2024).
[2] https://assets.hcch.net/docs/6700b8be-9a8e-4898-bc51-548a4a69d3df.pdf

3

Authority serve an entity without providing information about who that entity is, and Defendants demonstrably did not publicize that information prior to the filing of the instant complaint. Moreover, the address information provided on Temu does not appear reliable even today: at least one of the Defendants in this case still lists only "Chinese Mainland" as its address. Declaration of Taylor J. Wilson, Ex. 1 (hereinafter, "Wilson Decl.").

Email service of process is thus proper pursuant to Fed. R. Civ. P. 4(f)(3), which allows service to foreign entities "by other means not prohibited by international agreement, as the court orders." The decision whether to allow alternative means of service of process is "committed to the sound discretion of the district court." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112, 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018). The applicable international agreement, the Hague Convention, does not mention email service of process, and many courts have found that it does not prohibit email service of process. *Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20 C 4806, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) (collecting cases); *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-CV-287, 2020 WL 6364598 (D. Utah Oct. 29, 2020) ("[T]he majority [of courts] have concluded that a country's objection to Article 10(a) [service by mail] does not equate to an objection to email service."); *see also* Mem. Op. and Order at 10-11, *Roadget Business PTE. LTD. v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24-cv-00607 (N.D. Ill. Mar. 1, 2024) ("The Court agrees with Roadget that email service is appropriate here . . .").

Courts allow electronic service of process where a reasonable investigation did not uncover valid physical addresses. *Advanced Access Content,* 2018 WL 4757939. And courts have found a reasonable investigation even where physical addresses were available. In

4

*Hangzhou Chic*, 2021 WL 1222783, at *2, the court upheld email service of process even where the sellers had physical address information on their websites, pointing to the epidemic of infringing goods sold online, the unambiguous nature of defendants' infringement, and the exigent circumstances justifying freezing defendants' assets. *Id.* "Time is of the essence with an injunction in place," the court pointed out, "so the Court authorized email service in order to provide [defendants] with notice as quickly as possible." *Id* at *3*; *see also NBA Props., Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule "A,"* 549 F. Supp. 3d 790, 796-98 (N.D. Ill. 2021) (explaining that the Hague Convention neither authorizes nor prohibits service by email, making it permissible under Rule 4(f)(3), and explaining why email service is preferable in Schedule A cases).

  Roadget performed the required reasonable investigation here by visiting each of Defendants' storefronts, closely examining their websites for contact information, and adding at least one of their products to a shopping cart for checkout. Decl. of Deepa A. Chari, Dkt. 13. The address information is difficult to find: it requires clicking the seller's avatar image, which does not look or behave like a link. Further, the address information is subject to change. After filing this suit, Roadget discovered that the address and entity name entries for 14 of the 15 Defendants had been changed. Wilson Decl. In fact, KAMUCC, the storefront that the Firm included in its Motion, Dkt. 17 at 5, has already been changed to show an entity name since the Firm filed its Motion. Wilson Decl., Ex. 2. Roadget is uncertain whether certain detailed identifying information was added specifically to thwart Roadget's efforts to obtain email service of process; discovery is needed to understand what information became available and when. *See Hangzhou Chic*, 2021 WL 1222783, at *2 (pointing out that "it is not clear that [defendants] provided addresses on their Amazon websites at the time Plaintiffs filed their motion for email service").

The Firm's suggestion that Roadget's investigation would only have been reasonable if it had searched the UK version of the Temu website is misplaced. Roadget had no reason to believe that the listed contact information would be different on Temu's non-US websites, and it would be unreasonable to expect Roadget to visit every version of Temu's website. In any event, what Roadget needs is to serve the entities responsible for infringing Roadget's copyrights *in the United States*, and there is no way to know for sure whether similar seller names on Temu in different countries reflect the same or different entities.

Roadget submits that electronic service of process is appropriate in this case. Service of process by other methods "generally takes 1–2 years to complete and is frequently unsuccessful," *Celgard, LLC. v. Shenzen Senior Tech. Material Co.*, No. 3:20-CV-130-GCM, 2020 WL 2575561 (W.D.N.C. May 21, 2020), imperiling any remedy Roadget can secure for Defendants' infringement. Indeed, facing very similar arguments from the Firm, Judge Jenkins agreed with this argument in one of the related cases and held that email service is proper. Mem. Op. and Order at 10-11, *Roadget Business PTE. LTD.*, No. 24-cv-00607, Dkt. 31. But even if the Court were to conclude that service of process pursuant to the Hague Convention through the China Central Authority were required, the appropriate course would be to pursue such service, *not* to deny the TRO. (Notice of the issuance of the TRO can be provided by email, even if formal service of the summons and complaint were to proceed by other means.) Indeed, the frequent delays in that process only underscore the need for interim relief to ensure Defendants are not permitted to use procedural delays to abscond with the fruits of their infringement.

**II.**     **Joinder is appropriate in this case because Defendants participated in the same occurrence of mass infringement through the same platform.**

The Firm's concerns about joinder likewise have no bearing on whether a TRO should issue. But even if they did, joinder is proper in this case. Under Rule 20(a)(2), joinder is proper

6

where the claims against the defendants arises out of the same transaction, occurrence, or series of transactions or occurrences and where there are common questions of law or fact. Courts in this district apply a "logical relationship" test. *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 513 (N.D. Ill. 2020). The term "occurrence should allow plaintiffs to join in a single case the defendants who participate in" mass harm using the internet. *Id.* at 516 (finding joinder proper where the Plaintiff alleged that the defendants engaged in the similar mass counterfeiting using similar internet platforms). This is true even where the defendants "do not engage in direct communication or coordination" because it is plausible that the defendants uniformly but independently appreciate that "their ability to profit through anonymous internet stores is enhanced as their numbers increase." *Id*; *see also McDaniel v. Chicago Police Dep't*, No. 21-CV-5842, 2022 WL 2316231, at *2 (N.D. Ill. June 28, 2022) ("The actions of multiple defendants are not required to be in concert for claims to arise out of the same transaction or occurrence so long as a logical relationship exists between the claims.").

Here, all of the Defendants have participated in the same occurrence: the mass infringement of Roadget's copyrights on Temu. Defendants are logically interrelated because they *all* sell their infringing products on the *same website*. As a consequence of this, there will be evidentiary overlap, and most evidence as to each Defendant will have to be obtained from the same source: Temu. This case is therefore unlike *Art Ask Agency*, where the defendants' websites in question merely contained "common features." *Art Ask Agency v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule* "A", No. 21-CV-06197, 2021 WL 5493226 at *2 (N.D. Ill. Nov. 23, 2021). Further, there are significant overlapping questions of law as to each Defendant. Roadget has raised the same claims against each Defendant, and the same legal standard will apply to each Defendant.

7

Without joinder, enforcing Roadget's copyrights against all of the Temu sellers that infringe them would be "a game of 'whack-a-mole.'" *Bose Corp.*, 334 F.R.D. at 516. The Firm represents "roughly 40" of the defendants across the other four cases filed by Roadget. Dkt. 17 at 2. It is hard to imagine that the Firm would prefer to litigate 40 separate cases (rather than 5), but even if that were the Firm's preference, it would impose an unnecessary burden on the Court.

In any event, the Firm's concerns about joinder cast no doubt on the propriety of issuing a TRO to prevent irreparable harm: if the yet-unknown Defendants successfully challenge joinder, the solution would be to sever the claims against them, not to leave Roadget without a remedy. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) ("in formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties").

### III. Roadget's requested TRO is not overbroad because the profits obtained by the Defendants is currently unknown.

Finally, the Firm's criticisms of the scope of the proposed TRO (based on a standard order on the website for the Northern District of Illinois, and entered in essentially the same form in three prior cases brought by Roadget) are misplaced. Indeed, in copyright actions seeking equitable relief, such as disgorgement of profits, courts in this district have consistently held that an asset freeze is appropriate. *See Banister v. Firestone*, No. 17 C 8940, 2018 WL 4224444 at *9 (N.D. Ill. Sept. 5, 2018) (holding to freeze assets where the plaintiff sought equitable relief and defendant failed to provide documentary proof); *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013) (granting a temporary restraining order including a full asset freeze).

Any concerns about the breadth of the asset freeze can be taken up at an appropriate time if indeed the Firm comes to represent Defendants in this case. The Copyright Act places the

burden of proving "deductible expenses and the elements of profit attributable to factors other than the copyrighted work" on the infringer. 17 U.S.C. § 504(b). In another case in which Roadget alleges copyright infringement against online sellers, Judge Jenkins agreed that a full asset freeze was appropriate at the time of entering a TRO, and that any reduction in that asset freeze should be considered at a later date. *See* Memorandum Opinion and Order at 8, *Roadget Business PTE. LTD.*, No. 24-cv-00607, Dkt. 31 ("The Court finds that there is a substantial risk that if their assets are not frozen, Defendants will remove them from their e-commerce accounts, depriving Roadget of a meaningful remedy."). For now, the Firm's speculation that an asset freeze *might* be overbroad—when the Firm has no idea who has been accused of infringement and no sales data has been produced—is an unhelpful distraction. The suggestion that Roadget engage in discovery to obtain sales data *before* the entry of a TRO would open Roadget to the risk that Defendants will dissipate their assets before the TRO is issued.

## CONCLUSION

The Court should deny the Firm's motion, or, at a minimum, give the Firm's unhelpful arguments no weight, and it should grant Roadget's request for a TRO.

Dated: March 8, 2024

Respectfully submitted,

/s/ *Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
Taylor J. Wilson
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com

*Counsel for Plaintiff*
*Roadget Business Pte. Ltd.*

9