IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Case No.: 1:24-cv-01174 <br><br> **Judge Sunil R. Harjani** |

**PLAINTIFF'S EX PARTE MOTION
TO EXTEND THE TEMPORARY RESTRAINING ORDER**

Plaintiff Roadget Business Pte. Ltd. ("Roadget") respectfully requests this Court extend the Temporary Restraining Order ("TRO") at Dkt. 37 for a period of fourteen (14) days. At the time of filing this motion, Roadget has not yet received contact information for the Defendants from Temu, the platform that hosts their stores. Accordingly, the Defendants have not yet been served. In support of its request, Roadget states as follows:

1. Defendants are foreign online sellers unlawfully selling clothing with unauthorized copies of Roadget's copyrighted design.

2. This Court entered a TRO against Defendants on September 19, 2024. Dkt. 37. The Court found that Roadget had presented specific facts and evidence clearly showing that a TRO was needed to avoid irreparable injury—in particular, that Defendants would move their assets to offshore accounts absent *ex parte* relief. *Id.*

3. Pursuant to Rule 65(b)(2), the Court may extend a temporary restraining order

"for good cause." Fed. R. Civ. P. 65(b)(2). Good cause can be established by showing that circumstances have not yet changed—that the grounds on which the original TRO was granted still exist. *Britt Interactive LLC v. A3 Media LLC*, No. 1:16-cv-02884-TWP-MJD, 2016 WL 6405635, at *3 (S.D. Ind. Oct. 31, 2016).

4. The TRO requires Temu, a third-party that hosts the Defendants' online stores, to provide to Roadget expedited discovery sufficient to show the "identities and locations of the Defendants" and "all known contact information and all associated e-mail addresses." Dkt. 37 ¶ 4. Without this contact information, Roadget is unable to serve the Defendants with the Complaint and TRO.

5. On receipt of the sealed TRO, Roadget promptly served the TRO on third party Temu. Roadget served the TRO on Temu on September 19, 2024. Temu has until September 26, 2024, to comply with the TRO by, among other things, providing Defendants' contact information so that they may be served, and confirming that Defendants' assets have been restrained. Dkt. 37 ¶ 4.

6. As of the time of filing this Motion, Roadget has not received contact information sufficient to serve the Defendants. Roadget needs this information in order to serve Defendants, prepare a motion for preliminary injunction, and notify Defendants of the motion for preliminary injunction as required by Rule 65(a)(1). Therefore, good cause exists to extend the TRO: Roadget needs additional time to receive data from Temu, evaluate that data, and file a motion for preliminary injunction.

7. Good cause also exists to extend the TRO because the facts necessitating the TRO have not changed. Roadget requested a TRO enjoining Defendants' copyright infringement because of the significant possibility of irreparable harm without *ex parte* relief. This Court

agreed in granting the TRO: because Defendants are anonymous and not associated with any known companies, they can shut down one alias and switch to another if they are threatened with damages, unless their accounts are frozen by court order. They can also move their assets to offshore bank accounts, making meaningful recovery impossible for Roadget. These facts have not changed since the TRO was issued. Dkt. 36; Dkt. 37.

8. Without an extension of the TRO, any preliminary injunction order will be ineffective. As soon as the TRO expires and the asset restraint is lifted, the risk re-emerges that Defendants may move their assets to offshore bank accounts or otherwise dispose of assets in a manner prejudicial to Roadget's interests.

9. Accordingly, Roadget respectfully requests that the Court extend the TRO for fourteen (14) days, until October 17, 2024.

September 26, 2024                                 Respectfully submitted,


                                        By: */s/ Steven J. Horowitz*
                                        Steven J. Horowitz
                                        Matthew D. Binder
                                        Deepa A. Chari
                                        Taylor Wilson
                                        Michael Springer-Ingram
                                        **SIDLEY AUSTIN LLP**
                                        One South Dearborn Street
                                        Chicago, IL 60603
                                        (312) 853-7000
                                        shorowitz@sidley.com
                                        mbinder@sidley.com
                                        dchari@sidley.com
                                        taylor.wilson@sidley.com
                                        mspringeringram@sidley.com

                                        *Counsel for Plaintiff*
                                        *Roadget Business Pte. Ltd*