## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>    Defendants. | Case No.: 1-24-cv-01174<br><br><br>**Judge Sunil R. Harjani** |

### PRELIMINARY INJUNCTION ORDER

Plaintiff Roadget Business Pte. Ltd. ("Roadget") filed a Motion for Entry of a Preliminary Injunction against the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Roadget's Motion as follows.

This Court finds Roadget has provided notice to Defendants in accordance with the Temporary Restraining Order entered September 19, 2024, Dkt. No. 37 ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Roadget has provided a basis to

conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Roadget's federally registered copyrights (the "Roadget Copyrights") to residents of Illinois.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Roadget's previously granted Motion for Entry of a TRO establishes that Roadget has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Roadget will suffer irreparable harm if the injunction is not granted.

Specifically, Roadget has proved a *prima facie* case of copyright infringement because (1) the Roadget Copyrights are registered with the U.S. Copyright Office under Registration Nos. VA 2-381-189, VA 2-380-271, VA 2-376-318, VA 2-376-325, VA 2-380-268, VA 2-376-425, VA 2-380-269, VA 2-376-423, VA 2-380-261, VA 2-378-715, VA 2-378-733, VA 2-380-252, VA 2-378-749, VA 2-378-736, VA 2-380-264,  VA 2-380-262, and VA 2-389-996 (2) Defendants are not licensed or authorized to use the Roadget Copyrights, (3) Defendants had access to copy the photographs, since they were publicly displayed on the SHEIN website and/or app, and (4) Defendants' clothing designs or photographs are substantially similar to the Roadget Copyrights. Furthermore, Defendants' continued and unauthorized use of the Roadget Copyrights irreparably harms Roadget through diminished goodwill and brand confidence, damage to Roadget's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Roadget has an inadequate remedy at law. Moreover, the public interest is

served by entry of this Preliminary Injunction to uphold copyright protections. Accordingly, this Court orders that:

1.  Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a.  using the Roadget Copyrights or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Roadget product or not authorized by Roadget to be sold in connection with the Roadget Copyright; and

    b.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Roadget, nor authorized by Roadget to be sold or offered for sale, and which bear any of Roadget's copyrights, including the Roadget Copyrights.

2.  Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3.  Upon Roadget's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt

of such notice, provide to Roadget expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Roadget's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Roadget Copyrights.

5.      Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

      a.      locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendants by third parties; and

      b.      restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6.      Roadget may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by sending an e-mail with a link to said website to any e- mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Trendy Global Store and all other Defendants identified in the Operative Complaint" that shall apply to all Defendants. The combination of providing notice via e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7.      Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

8.      The $15,000 deposit posted by Roadget in satisfaction of the bond requirement shall remain

with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Sunil R. Harjani
United States District Judge

Dated: October 15, 2024